FILED
CLERK, U.S. DISTRICT COURT
7/28/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>HELIOS RAPHAEL DAYSPRING,<br>  aka "Bobby Dayspring,"<br><br>          Defendant. | CR No. 2:21-cr-00343 -AB<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 666(a)(2): Federal Program Bribery; 26 U.S.C. § 7206(1): Subscribing to a False Income Tax Return] |

The Acting United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

A.   RELEVANT PERSONS AND ENTITIES

    1.   Defendant HELIOS RAPHAEL DAYSPRING, also known as "Bobby Dayspring," owned, operated, and controlled businesses specializing in cannabis cultivation and distribution in the Central District of California, including San Luis Obispo County ("County"). Defendant DAYSPRING owned, operated, and/or had a controlling interest in multiple farms that grew and cultivated cannabis in the County (collectively, "Cannabis Farms").

    2.   The County was a local government that received, every calendar year between 2016 and 2019, benefits in excess of $10,000

under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance.

3. The County was governed, in part, by its Board of Supervisors, which adopted legislation, adjudicated issues, held public hearings, set hearing agendas, and set policy in the County.

4. The Board of Supervisors was comprised of five members, all of whom represented a district within the County. Each district elected its own supervisor to represent it.

5. County Supervisor 1 was a County supervisor, an elected position within the County. As a County supervisor, County Supervisor 1 voted on matters appearing before the County Board of Supervisors, including matters that affected defendant DAYSPRING's Cannabis Farms, advocated for and against matters discussed at public hearings, and had influence over matters occurring within the County and its departments.

COUNT ONE

[18 U.S.C. § 666(a)(2)]

From in or about the Fall of 2016 to in or about January 2020, in San Luis Obispo County ("County"), within the Central District of California, defendant HELIOS RAPHAEL DAYSPRING, also known as "Bobby Dayspring," corruptly gave, offered, and agreed to give things of value to County Supervisor 1, an agent of the County, intending to influence and reward County Supervisor 1 in connection with business, transactions, and series of transactions of the County, having a value of $5,000 or more.  Specifically, defendant DAYSPRING gave County Supervisor 1 approximately $29,000 in cash, over a series of payments, and $3,000 in postal money orders, with the understanding that when opportunities arose, County Supervisor 1 would take official acts to benefit defendant DAYSPRING's Cannabis Farms, including by voting and advocating for and against votes at County Board of Supervisor hearings.

|     |                                                                                    |
| --- | ---------------------------------------------------------------------------------- |
| 1   |                                  COUNT TWO                                         |
| 2   |                             [26 U.S.C. § 7206(1)]                                  |
| 3   | On or about October 15, 2019, in San Luis Obispo County, within                    |
| 4   | the Central District of California, and elsewhere, defendant HELIOS                |
| 5   | RAPHAEL DAYSPRING, also known as "Bobby Dayspring", a resident of San              |
| 6   | Luis Obispo, California, willfully made and subscribed to a                        |
| 7   | materially false U.S. Individual Income Tax Return, Form 1040, for                 |
| 8   | the calendar year 2018, which defendant DAYSPRING verified by a                    |
| 9   | written declaration that it was made under the penalty of perjury,                 |
| 10  | which was filed with the Internal Revenue Service, and which                       |
| 11  | defendant DAYSPRING did not believe to be true and correct as to                   |
| 12  | every material matter, in that line 10 of the Form 1040 reported his               |
| 13  | ///                                                                                |
| 14  | ///                                                                                |
| 15  | ///                                                                                |
| 16  | ///                                                                                |
| 17  | ///                                                                                |
| 18  | ///                                                                                |
| 19  | ///                                                                                |
| 20  | ///                                                                                |
| 21  | ///                                                                                |
| 22  | ///                                                                                |
| 23  | ///                                                                                |
| 24  | ///                                                                                |
| 25  | ///                                                                                |
| 26  | ///                                                                                |
| 27  | ///                                                                                |
| 28  |                                                                                    |

taxable income as $1,262,894, when, in fact, as defendant DAYSPRING then knew and believed, his taxable income was substantially in excess of $1,262,894.

TRACY L. WILKISON
Acting United States Attorney

*[signature]*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Section

THOMAS F. RYBARCZYK
Assistant United States Attorney
Public Corruption and Civil Rights Section

ARON KETCHEL
Assistant United States Attorney
Public Corruption and Civil Rights Section
